CASE 59—PETITION EQUITY—APRIL 3.

# Buckner, &c., vs. Bush, &c.

### APPEAL FROM CLARKE CIRCUIT COURT.

1. A premature judgment on constructive service of process is a clerical misprision, and, as there was no motion to correct it in the circuit court, it cannot be reversed. (*Code, secs.* 577, 578.)

2. A decision, though erroneous, cannot be reversed, unless prejudicial to the *appellant*.

3. Notes exhibited with a petition against defendants constructively summoned, are *prima facie* genuine, and no proof *aliunde* is necessary.

4. The presumption will be indulged that a sheriff discharged his duty, by first serving attachments that issued on the petition first filed.

5. An allegation that the debtor had been more than thirty days voluntarily within the Confederate lines, supported by the proper affidavit, may be taken for confessed.

HARLAN & HARLAN, for appellants, cited *Civil Code, sec.* 439.

SIMPSON & SCOTT, for appellees, cited *Civ. Code, secs.* 578, 161.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This is a contest between several attaching creditors on constructive service. The proceeds of the attached property sold under an order of sale made at the May term, 1862, being

insufficient to pay more than two of the creditors (Wm. J. Bush and Wm. Buckner), the circuit court adjudged distribution *pro rata* among them and one other party (J. E. & L. Gordon).

To reverse that judgment, the common debtor, Zachariah E. Bush, and two of his other attaching creditors, prosecute this appeal, and urge several objections to the judgment in the following order:

1. That the order at the May term, for a sale for the exclusive benefit of the appellees, was premature and unauthorized as to Gordons, and even also as to his co-appellees, because, on the petition of the Gordons, there had been no warning order, and the warning order on the petition of his co-appellees was for an appearance at the July term, 1862.

The prescribed distribution was, during the same May term, suspended by the court, and was not made final until the November term, 1862. But, if there was any error in prematurely rendering any judgment at the May term, it is not available in this court. The 578th section of the Code declares that premature judgments shall be deemed clerical misprisions only. And the 577th section provides that a clerical misprision shall not be revisable by this court until the circuit court has refused on motion to correct it. There having been no such motion or refusal in this case, we cannot take cognizance of the alleged error.

2. That there never having been any warning order on the petition of the Gordons, the judgment for distribution was, as to them at least, unauthorized and erroneous; and this is true. But, as the fund will not quite pay the debts of their co-appellees, the error appears. to be prejudicial to them only, and not to any of the appellants.

3. That it was erroneous to adjudge that the notes exhibited in the petition of the appellees, Bush and Buckner, were genuine without proof *aliunde* of their genuineness, because the petitions contained no allegation, which, under the Code, would allow the court to take anything for confessed on merely constructive notice. The practical construction by this court does not, in such a case of exhibits *prima facie* genuine and right, require any other proof of them.

4. That there was no ground for adjudging priority to any of the appellees. The answer to this objection is—1. That their petitions being filed first, the presumption is, that the sheriff discharged his .official duty in serving them first; and, 2. The petitions of all the other creditors alleged, as the only ground for their attachments, absence of their debtor from the State for four months; and there was neither any proof of that allegation nor affidavit allowing the court to take it for confessed. And an amended petition by the appellees alleged that the debtor had been more than thirty days voluntarily within the Confederate lines, and an affidavit was made which allowed that allegation to be taken for confessed. And, as decided by this court at the present term, in the case of *Dunn vs. Salter* (*ante, p.* 342), this alone entitled the appellees to priority.

Wherefore, perceiving no available error in the judgment, it is affirmed.